UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. DAVIS,<br><br>    Petitioner,<br><br>v.<br><br>H. A. RIOS, JR., et al.,<br><br>    Respondents. | 1:10-CV-00381 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is challenging his 2000 convictions in the United States District Court for the Eastern District of Michigan. Petitioner is in the custody of the United States Bureau of Prisons at the United States Penitentiary located in Atwater, California.

On March 4, 2010, Petitioner filed the instant petition for writ of habeas corpus.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719

1  F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,
2  643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, *only the sentencing court has jurisdiction*.
3  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by
4  way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States,
5  929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616
6  F.2d 840, 842 (5th Cir.1980).

   In contrast, a federal prisoner challenging the manner, location, or conditions of that
sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,
177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd
Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United
States, 610 F.2d 672, 677 (9th Cir. 1990).

   A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he
can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of
his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although
there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the
Ninth Circuit has recognized that it is a very narrow exception. Id; Holland v. Pontesso, 234 F.3d
1277 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses statute of
limitations);  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (Dismissal of a successive motion
attacking sentence did not render such motion procedure an ineffective or inadequate remedy, so as
to authorize federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's
denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at
1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition
inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582
(9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural
requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).
The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v.

1  United States, 315 F.2d 76, 83 (9th Cir. 1963).

2  In this case, Petitioner challenges the underlying sentence. He claims the sentencing judge
3  abused his discretion in selecting an upward departure from the guideline sentencing range. Because
4  he is alleging errors in his sentence, and not errors in the administration of his sentence, the Court
5  finds that Petitioner is not entitled to relief under § 2241, and his petition should be dismissed. In
6  addition, Petitioner makes no claim that § 2255 is inadequate or ineffective. Should the Petitioner
7  wish to pursue his claims in federal court, he must do so by way of a motion to vacate or set aside
8  pursuant to 28 U.S.C. § 2255.[1] The petition must be dismissed.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 17, 2010**          /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges convictions and sentences adjudicated in the U.S. District Court for the Central District of California.